## APPEAL OF NORTH WAYNE TOOL CO.

Docket No. 1897. Submitted June 15, 1925. · Decided July 15, 1925.

Where taxpayer's books are kept and its returns rendered on an accrual basis, interest which accrued prior to the fiscal year 1917 can not be taken as a deduction in that year nor in the fiscal year when it was paid.

*Willis D. Nance, Esq.*, for the Commissioner.

Before IVINS and MORRIS.

This appeal is from deficiencies of $1,266.97 and $997.20 in income and profits taxes for the fiscal years ended June 30, 1917 and 1918, respectively. The taxpayer assigns the following errors: (a) The disallowance for the year ended June 30, 1917, of the sum of $6,524.22 as a loss; (b) insufficient allowance of depreciation for the years ended June 30, 1917, and June 30, 1918. From the pleadings and stipulation the Board makes the following

### FINDINGS OF FACT.

The taxpayer is a Maine corporation with its principal office at Hallowell. During the years prior to 1912, from the date of the organization of the taxpayer, J. R. Bodwell during his lifetime, and his estate subsequent to his death, had made sundry and divers advances and loans of money to the taxpayer, the exact amount not being definitely known. Subsequent to the year 1912 the taxpayer commenced the repayment of such advances, loans, and interest thereon. On or about December 20, 1916, an account was stated between the representatives of the estate of the said J. R. Bodwell and the taxpayer, and it was determined that as of the year 1912 the amount due and owing from the taxpayer to J. R. Bodwell or his estate was $32,526.24, which amount, as of December 16, 1916, was paid by the taxpayer to the legal representatives and heirs of the estate of J. R. Bodwell. After stating an account as aforesaid, and agreeing to the payment thereof, the representatives of the estate of J. R. Bodwell made a claim against the taxpayer for interest on said amount of $32,526.24, accruing approximately four years prior to the date of settlement, which amount of interest was agreed to by the parties to be $7,500, for which amount the taxpayer executed its note dated December 20, 1916, payable on or before December 31, 1917, which note was actually paid on December 21, 1917.

The taxpayer in its return for the fiscal year ended June 30, 1917, claimed a deduction as interest accrued on the item of $32,526.24 from July 1, 1916, to December 31, 1916, in the amount of $975.78,

which amount has been allowed as a deduction; and it also claimed a deduction on account of "losses sustained and charged off" in the amount of $6,524.22, being the interest accrued on said amount of $32,526.24 up to June 30, 1916. The·Commissioner disallowed this deduction. The taxpayer also claimed as .a deduction interest accrued on said note of $7,500 dated December 20, 1916, from December 31, 1916, to June 30, 1917, in the amount of $225. This amount has been allowed as a deduction.

It is stipulated that the second assignment of error in the taxpayer's petition for appeal is well taken and that depreciation for the fiscal year ended June 30, 1917, is allowable in the amount of $5,045.58, and for the fiscal year ended June 30, 1918, in the amount of $5,176.91.

It is further stipulated that the books of the taxpayer and its returns for the years in question were kept and made on the accrual basis.

### DECISION.

The deficiencies should be computed in accordance with the stipulation and the following opinion. Final determination will be settled on consent or on 10 days' notice, under Rule 50.

### OPINION.

MORRIS: The taxpayer contends that the accrued interest on $32,-526.24 up to June 30, 1916, amounting to $6,524.22 and paid on December 21, 1917, is deductible as a loss in its return for the fiscal year ended June 30, 1917. If such amount is deductible it must be under section 12(a) Third of the Revenue Act of 1916, as amended by section 1207 of the Revenue Act of 1917, which provides that the net income of a corporation shall be ascertained by deducting from its gross income the amount of interest paid within the year on its indebtedness. The interest in question was neither paid nor accrued during the fiscal year 1917. Although paid December 21, 1917, it is not deductible for the fiscal year 1918 as the taxpayer's books were kept and its returns rendered on an accrual basis. Section 234(a)(2) of the Revenue Act of 1918 provides for the deduction of interest "paid or accrued" within the taxable year, and those words are to be construed under section 200 of the Act, according to the method of accounting upon the basis of which the net income is computed under section 212. This Board has also held in the *Appeal of Tel-Electric Co.*, 1 B. T. A. 434, that where the taxpayer's books are kept and its returns are rendered.on an accrual basis, interest which accrued and became a liability in years prior to 1917 can not be deducted from the gross income of 1917 although paid in that year.